IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-00235-RJC-DCK

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CRISTIAN CABRERA-RIVAS (2) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a retrospective hearing to determine whether he was competent at the time of his trial. (Doc. No. 97).

A defendant may move prior to sentencing for a determination of his mental competency, and a court must order a hearing

> if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and the consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a). Here, a magistrate judge conducted a full evidentiary hearing prior to trial and found that the defendant did not carry his burden to prove by a preponderance of the evidence that he was not competent. (Doc. No. 77: Order at 11). The defendant did not seek review of that decision, but rather proceeded to a jury trial on charges of trafficking methamphetamine, during which he exercised his right to testify in his own defense. Counsel now argues that the defendant's behavior at trial, including his testimony, establishes "greater reasonable cause to believe that Mr. Cabrera-Rivas was

unable to comprehend the proceedings against him." (Doc. No. 97: Motion at 3).

After observing the defendant's conduct at trial, this Court reaches the opposite conclusion. First, during jury selection, counsel had the opportunity to consult with his client regarding striking potential jurors and did not report any lack of understanding or assistance from the defendant. (Doc. No. 93: Trial Tr. Vol. I at 32-34, 55-57). Second, during the government's case, the Court was alerted that sound equipment the defendant was using to hear English-to-Spanish interpretation was not working, showing that he was following the testimony. (Doc. No. 94: Trial Tr. Vol. II at 45). Third, during questioning by the Court about whether he intended to testify, the defendant answered appropriately, demonstrating an understanding of the proceedings. (Id. at 143-44). Finally, during his testimony, the defendant expressed cogently details about his childhood in Honduras, his entry into the United States, his marital and work history, his drug addiction, and his view that his conduct was not illegal because he thought he was assisting the government take down drug dealers in exchange for lawful immigration status. (Id. at 151-162). The jury's verdict, (Doc. No. 90), indicates the defendant's lack of credibility, but not lack of competency. Accordingly, the Court finds there is no reasonable cause to believe the defendant was suffering from a mental disease or defendant rendering him unable to understand the nature and consequences of the proceedings or to assist properly in his defense at trial.

IT IS, THEREFORE, ORDERED that the defendant's motion for a retrospective competency hearing, (Doc. No. 97), is DENIED.

Signed: January 6, 2022

Robert J. Conrad, Jr.
United States District Judge