IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-00235-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| CRISTIAN CABRERA-RIVAS (2) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the defendant's post-verdict Motions for a Judgment of Acquittal, and, in the alternative, for a New Trial, (Doc. No. 96), and the government's response in opposition, (Doc. No. 102).

I. BACKGROUND

The defendant proceeded to jury trial on charges of conspiracy to distribute 50 grams or more of methamphetamine (actual) (Count One) and possession with intent to distribute 50 grams or more of methamphetamine (actual) (Count Two). (Doc. No. 1: Indictment). At the close of the government's proof, the Court denied the defendant's motion for judgment of acquittal under Rule 29(a) of the Federal Rules of Criminal Procedure. (Doc. No. 94: Trial Tr. Vol. II at 142). The jury found the defendant guilty of both charges. (Doc. No. 90: Verdict). The defendant renewed his motion for judgment of acquittal, which the Court denied. (Doc. No. 95: Trial Tr. Vol. III at 255).

II. DISCUSSION

The instant motions again renew the motion for judgment of acquittal under Rule 29(c)(1), and, in the alternative, seek a new trial under Rule 33(b)(2).

A. Sufficiency of the Evidence

Under Rule 29, a guilty verdict must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence," that is, evidence which a reasonable finder of fact could accept as adequate to support the defendant's guilt beyond a reasonable doubt. United States v. Burfoot, 899 F.3d 326, 334 (4th Cir. 2018). Here, the defendant argues that the government did not present sufficient evidence to prove that he had a knowing agreement between two or more persons to distribute narcotics or that he knowingly possessed narcotics with intent to distribute. (Doc. No. 96: Motion at 3-4).

As the Court found during the trial, in light most favorable to the government, the evidence was sufficient to support the guilty verdict under Rule 29. For example, the defendant's statements in recorded telephone calls with a confidential informant could have led a reasonable juror to find beyond a reasonable doubt that the defendant conspired with a drug supplier in Texas and his co-defendant to distribute 2 kilograms of methamphetamine for $24,000, and that the defendant constructively possessed the methamphetamine with intent to distribute when he instructed his co-defendant when and where to deliver the drugs. (Gov. Ex. 3-9). Additionally, a reasonable juror could have rejected the defendant's testimony claiming he was promised immigration status in exchange for helping to catch drug dealers. (Doc. No. 94: Trial Tr. Vol. II at 162). Thus, the defendant's renewed Rule 29 motion is without merit.

2

B.  Trial Issues

Under Rule 33, a new trial can be ordered if required in the interest of justice, but "a jury verdict is not to be overturned except in the rare circumstance where the evidence weighs heavily against it." Burfoot, 899 F.3d at 340 (internal quotation marks omitted).  The defendant argues he is entitled to a new trial because the government destroyed potentially exculpatory evidence, cross-examined him using a transcript without first establishing he is literate, and questioned him regarding his history of drug dealing and gang involvement. (Doc. No. 96: Motion at 7).

1.  Lost Recording

The defendant gave a Mirandized statement to law enforcement agents after he was arrested. (Doc. No. 94: Trial Tr. Vol. II at 116, 120).  However, the recording of the interview was not preserved because the police failed to download it from the server within seven days. (Id. at 117).  The defendant objected to testimony about the interview based on alleged spoilation of the recording, which the Court denied in the absence of any evidence of bad faith. (Id. at 117-19).

Failure to preserve potentially useful evidence is not a denial of due process unless a defendant shows bad faith by police. Arizona v. Youngblood, 488 U.S. 51, 58 (1988).  The Fourth Circuit applied the Youngblood standard in finding that the failure to preserve a recording is insufficient to establish bad faith where its exculpatory value is not apparent on its face. United States v. Matthews, 373 F. App'x 386, 390-91 (4th Cir. 2010).  In the instant motion, the defendant makes no

3

showing of actual bad faith, but rather argues hypothetically that it would have been bad faith if the lost recording contained his self-exculpatory statements.[1] (Doc. No. 96: Motion at 96). Accordingly, he has failed to carry his burden to establish a due process violation, and a new trial is not required on this issue.

2. Cross-Examination

The defendant testified, and during cross-examination, the government directed his attention to portions of transcripts of the recorded calls with the confidential informant. (Doc. No. 94: Trial Tr. Vol. II at 169, 173-75). Counsel objected on the basis that it was unfair to show the defendant a document to identify without establishing his literacy, which the Court denied. (Id. at 169-70). The government did not ask the defendant to read the transcripts, and the defendant's answers were responsive to parts of the conversations addressed by the government.[2] Thus, the defendant has not shown he was unfairly prejudiced by the government's use of transcripts during cross-examination, and a new trial is not required on this issue.

---

[1] There is no evidence in the record that he made such self-serving statements. The officer did not recall the defendant claiming to be cooperating with the government; rather, he admitted facilitating a deal for 2 kilograms of methamphetamine for $12,000 each to be brought from Texas. (Doc. No. 94: Trial Tr. Vol. II at 123-24, 129). The defendant did not address his statement to law enforcement during his testimony.

[2] For example, the government showed the defendant a reference in a transcript to three "blocks" and suggested it involved kilograms of drugs sent to him by his source in Texas. (Doc. No. 94: Trial Tr. Vol. II at 171-72). The defendant responded, "No, that's dumb," and insisted that "blocks" meant "construction blocks." (Id. at 173).

4

3. Predisposition

The defendant sought to rely on an entrapment defense at trial, (Doc. No. 94: Trial Tr. Vol. II at 144, 147), which made aspects of his character and criminal past relevant to the government proving his predispostion to commit the crimes charged, United States v. McLaurin, 764 F.3d 372, 381 (4th Cir. 2014). It was only after the defendant testified that he was not a drug dealer and that he only obtained drugs for law enforcement to get help on his immigration status, (Doc. No. 94: Trial Tr. Vol. II at 161-62), that the government was permitted to ask him about drug possession, usage, or distribution, and any gang affiliation, (Id. at 164, 166-69).[3] Those areas were proper for the predisposition inquiry to determine whether the defendant was an "unwary innocent" or an "unwary criminal." McLaurin, 764 F.3d at 381 ("Given the range of evidence that is relevant to the predisposition issue, certain bad-act evidence may be admissible under Rule 404(b) in entrapment cases that would not be admissible in cases where entrapment is not an issue."). Therefore, the defendant was not unfairly prejudiced by the government's limited questioning about his criminal background, and a new trial is not required on this issue.

---

[3] During his direct examination, the defendant testified he was from Honduras, where the 18 Gang killed his father and shot him three times. (Doc. No. 94: Trial Tr. Vol. II at 151). The government represented to the Court that the Department of Homeland Security suspected the defendant of membership in MS-13. (Id. at 163). The defendant also testified on direct about his addiction to cocaine and sharing it with the confidential informant. (Id. at 156).

5

III. CONCLUSION

Having considered the defendants' motions for judgment of acquittal or new trial under Rules 29 and 33 of the Federal Rules of Criminal Procedure, the Court finds that substantial evidence supports each count of conviction and that a new trial is not in the interest of justice.

**IT IS, THEREFORE, ORDERED** that the defendant's Motions, (Doc. No. 96), are **DENIED**.

Signed: January 6, 2022

Robert J. Conrad, Jr.
United States District Judge