IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-00235-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CRISTIAN CABRERA-RIVAS (2) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a reduction of sentence based on Amendment 821 to the United States Sentencing Guidelines relating to certain zero-point offenders. (Doc. No. 127).

Part B, Subpart 1 of the Amendment is retroactive and created a two-level decrease if a defendant meets all the criteria in USSG §4C1.1(a). USSG §1B1.10(d), comment. (n.7). However, a court may not reduce a sentence below the amended guideline range. USSG §1B1.10(b)(2)(A). Here, the Court varied downward at the original sentencing to 150 months' imprisonment. (Doc. No. 115: Judgment at 2; Doc. No. 126: Sent. Hr'g Tr. at 31). With a two-level reduction under §4C1.1(a), the revised offense level of 34, combined with Criminal History Category I, results in an amended guideline range of 151 to 188 months. USSG Ch.5, Pt.A (sent. table). Accordingly, he is not eligible for relief.

The defendant also requests that the Court apply the amended safety valve guideline in its "broader discretion." (Doc. No. 127: Motion at 1). Amendment 817 concerning the safety valve is not retroactive. USSG §1B1.10(d). Thus, it cannot serve as a basis for granting a reduction in this proceeding. USSG §1B1.10(a)(1); see

also <u>Dillon v. United States</u>, 560 U.S. 817, 831 (2010) (under §1B1.10(b)(1), court may only consider revised range from retroactive amendment).

    **IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

Signed: February 28, 2024

Robert J. Conrad, Jr.
United States District Judge